# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52318-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DESARAE LYN RUSSELL, | |
| Appellant. | |

Desarae Russell appeals the imposition of interest on her legal financial obligations (LFOs). The State concedes that the imposition of interest on LFOs here violates RCW 10.82.090(1). We accept the State's concession, and we remand for the trial court to strike the provision in the judgment and sentence imposing interest on LFOs and to strike any accrued interest.

## FACTS

On February 5, 2018, an officer discovered heroin when searching Russell incident to an arrest. Russell was convicted on May 15 of possession of a controlled substance, heroin.

Russell was sentenced on August 17. The trial court imposed the following LFOs: a $500 crime victim penalty assessment, a $100 crime lab fee, and a $100 DNA collection fee. The judgment and sentence provided that the LFOs would bear interest "from the date of the judgment until payment in full." Clerk's Papers at 20.

Russell appeals the imposition of interest on her LFOs.

ANALYSIS

Russell claims, and the State concedes, that the trial court erred by imposing interest on her LFOs. We agree.

RCW 10.82.090(1) states, "As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." Here, the trial court imposed nonrestitution LFOs. And the judgment and sentence was entered after June 7, 2018. Therefore, the trial court erred in imposing interest on those LFOs.

CONCLUSION

We remand for the trial court to strike the provision in the judgment and sentence imposing interest on LFOs and to strike any accrued interest.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.


We concur:

_____
WORSWICK, J.

_____
SUTTON, J.

2